UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAUVIEL JACKSON,

    Plaintiff,

v.       Case No. 3:23cv11741-LC-HTC

SANTA ROSA CORRECTIONAL INSTITUTION,

    Defendant.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Dauviel Jackson, a prisoner proceeding *pro se*, has filed a second amended complaint seeking to assert a litany of unrelated claims against forty (40) employees of the Santa Rosa Correctional Institution ("SCRI"). ECF Doc. 14. Plaintiff was given two opportunities to amend his complaint and has failed to heed the Court's directions. Plaintiff's second amended complaint, like the ones before it, is an illegible shotgun pleading. It also includes events that occurred after the filing of the initial complaint, which could not have been exhausted. Thus, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE for failure to comply with Court orders and failure to state a claim.

## I. BACKGROUND

Plaintiff filed his original complaint against SRCI on May 23, 2023. *See* ECF Doc. 1. The complaint was handwritten, mostly illegible, not on the Court's required form, and exceeded the Court's 25-page limit. *See* N.D. Fla. Loc. R. 5.7(B). After screening the complaint, the Court issued an order informing Plaintiff that he (1) must comply with the Court's page limitations; (2) cannot join unrelated claims in one action; (3) cannot base his claim on a matter that has not been exhausted; and (4) must ensure his complaint is legible. ECF Doc. 3 ("May 31 Order"). The Court gave Plaintiff an opportunity to file an amended complaint and expressly warned Plaintiff that his failure to comply with the Court's Order could result in the dismissal of his case. *Id.* at 5.

On June 19, 2023, Plaintiff filed an Amended Complaint, this time asserting claims against thirty (30) SRCI employees. ECF Doc. 8. The Amended Complaint was *longer* and even *less legible* than the initial complaint, continued to join unrelated claims, and not only included allegations about conduct occurring shortly *before* initiating this case (as to which the Court had specifically warned Plaintiff may be unexhausted), but also *after* the fact. It was clear in drafting the Amended Complaint, Plaintiff blatantly disregarded the Court's prior Order. *See id.* Nevertheless, the undersigned did not recommend the Amended Complaint be

Page 3 of 9

dismissed and, instead, gave Plaintiff a "final" opportunity to file a sufficient complaint. ECF Doc. 13 ("August 23 Order").

## II. Plaintiff's Second Amended Complaint ("SAC")

On August 31, 2023, Plaintiff filed a SAC. ECF Doc. 15. The SAC seeks to sue 40 employees of SRCI, holding positions running the gamut from the Warden to a "mail-room" employee to the "canteen lady" to a librarian to nurses. The SAC includes events occurring from March 22, 2023 to August 2023. From what the Court can discern from Plaintiff's handwriting, the SAC includes complaints ranging from excessive force to various alleged code violations to fraud by the canteen ladies in concert with other officer defendants to a failure to feed (and a host of other complaints). Plaintiff identifies each incident complained of as a separate claim and, from what the Court can read, each "claim" involves different Defendants.[1]

The SAC clearly suffers from the same deficiencies this Court has previously identified. It is illegible; is an impermissible shotgun pleading that falls woefully short of the Rule 8 pleading requirements; seeks to join unrelated claims; and includes clearly unexhausted claims.

First, despite being instructed that the amended complaint must be "**typed or clearly written**", ECF Doc. 3 at 5 (emphasis in original), and that if the Court cannot

---

[1] Because the SAC is incredibly hard to read, the Court cannot tell whether one defendant may be named in several claims or even whether Plaintiff has alleged facts as to each Defendant he seeks to sue.

read his complaint, it will be dismissed, ECF Docs. 3 at 5, 13 at 2, Plaintiff did not type the SAC or use legible handwriting. Instead, he wrote it using a font which is at times cursive, and which in many places was far too small and too condensed to be decipherable to the human eye. *See* ECF Doc. 14. A perfect example of this is Plaintiff's case style, where he tries to squeeze all defendants into the preprinted lines on the caption. *See* ECF Doc. 14 at 1. He does this on the pre-printed lines of the complaint form as well. *Id.* at 8. "An illegible complaint does not meet the requirements that pleadings "contain a short and plain statement of the claim showing the pleader is entitled to relief." *Jamison v. Long*, 2021 WL 3702488, at *7 (M.D. Ga. May 27, 2021) (citing Fed. R. Civ. P. 8(a)(2) and *Munson v. Trueblood*, No. 4:20CV179-WS-HTC, 2020 WL 4004820, at *3 (N.D. Fla. June 9, 2020) *report and recommendation adopted*, No. 4:20CV179-WS/HTC, 2020 WL 4003970 (N.D. Fla. July 14, 2020)).

Because the SAC is mostly illegible and Plaintiff did not heed this Court's clear instructions, the SAC should be dismissed. *See, e.g.*, *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of an amended complaint which was "exceptionally difficult to understand and in many instances either illegible or incomprehensible") (internal quotations and alteration omitted); *Munson,* 2020 WL 4004820, at *3 (dismissing amended complaint on several grounds, including that it was illegible).

Case No. 3:23cv11741-LC-HTC

Second, even the parts of the SAC the Court can read shows that it is nothing more than a "shotgun" pleading that comes nowhere close to being a "short and plain statement of the claim" showing Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The SAC is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019), *cert. denied*, No. 19-7709, 2020 WL 1978972 (U.S. Apr. 27, 2020) (affirming dismissal of an amended complaint, much like the one here, after plaintiff was given an opportunity to amend and put on "on notice that his pleadings were infirm"). Although Plaintiff numbered each paragraph of the Statement of Facts as a separate "claim," in the Statement of Claims, Plaintiff merely lists a host of constitutional or code violations without attributing those alleged violations to any specific defendant or conduct. Instead, he just references the numbered "complaint[s]" from the Statement of Facts. The problem is those numbered "complaint[s]" relate to various defendants and various conduct. The Court is, therefore, not able to discern which facts and which defendants allegedly violated which constitutional provision or how they did so. The SAC is simply not sufficient to put any Defendant on notice of how they are liable to Plaintiff. Thus, like in *Toth,* Plaintiff's "'halfhearted[ ]' attempt to cure the defects in his original complaint is not enough to bring him into compliance with Rule 8." *Id.*

Case No. 3:23cv11741-LC-HTC

Third, in the Court's May 31 and August 23 Orders, the Court told Plaintiff he could not join unrelated claims against multiple defendants. ECF Doc. 3 at 2; 13 at 2–3. Nonetheless, as stated above, from what the Court can discern, the SAC involves various events occurring on different days from March 2023 to August 2023, and alleging claims against 40 defendants ranging from complaints about excessive force to not getting food to fraud by canteen workers. It is clear these claims do not arise out of "the same transaction, occurrence, or series of transactions or occurrences" and do not have common "questions of law or fact." *See* Fed. R. Civ. P. 20(2). Thus, they have been improperly joined in one action and the SAC should be dismissed for Plaintiff's failure to cure this deficiency despite being given two opportunities to do so. *See Skillern v. Ga. Dep't of Corr. Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (affirming dismissal of a prisoner's complaint for failure to correct Rule 20 deficiencies after being directed to do so by magistrate judge); *Pierre v. Kolodzeij,* No. 3:20CV4786-LC-HTC, 2020 WL 3871491, at *6 (N.D. Fla. June 9, 2020), *report and recommendation adopted*, No. 3:20CV4786-LC-HTC, 2020 WL 3871454 (N.D. Fla. July 8, 2020) ("the fact that the undersigned specifically instructed Plaintiff that he could not combine unrelated claims in one action, and Plaintiff ignored that instruction, makes dismissal of Pierre's complaint particularly appropriate").

Finally, while Plaintiff does not have to allege exhaustion in his complaint, in the Court's May 31 Order, the Court specifically warned Plaintiff that claims which have not been exhausted may be subject to dismissal. *See* 42 U.S.C. § 1997e(a). Despite this warning, the SAC includes events arising *after* the initial complaint was filed. Such claims clearly could not have been exhausted. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) ("The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint.").

### III.   Conclusion

Plaintiff has been given two (2) opportunities to file a complaint that is sufficient to be served; and has woefully failed to do so. The undersigned finds allowing Plaintiff any additional opportunities to be unnecessary. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("[a]fter that one opportunity to replead comes and goes … the district court [may] dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend"); *Logan v. Godwin*, No. 22-14171, 2023 WL 5528912, at *2 (11th Cir. Aug. 28, 2023) ("the district court did not abuse its discretion by dismissing [plaintiff]'s case without prejudice for failure to comply with court orders and the local rules"); *Peavey v. Black*, 476 F. App'x 697, 699 (11th Cir. 2012) (finding the "district court did not abuse its discretion in dismissing, without leave to amend,

[plaintiff]'s second amended complaint for his third failure to comply with Rule 8(a). The district court's orders twice instructed [plaintiff] how to file properly an amended complaint that conformed to Rule 8(a)").

Also, because the Court finds Plaintiff has not stated a valid claim for relief and his action is subject to dismissal for failure to follow Court orders, the Court will deny Plaintiff's motion for temporary restraining order, ECF Doc. 7, and his motion for appointment of counsel, ECF Doc. 15.

Accordingly, it is ORDERED:

1. Plaintiff's motion for temporary restraining order, ECF Doc. 7, is DENIED.

2. Plaintiff's motion for appointment of counsel, ECF Doc. 15, is DENIED.

It is also RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to comply with Court orders and failure to state a claim.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of September, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:23cv11741-LC-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:23cv11741-LC-HTC